IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

**MISTY LEMONS,**

    **PLAINTIFF,**

VS.   CV NO.:

**CITY OF GADSDEN,**

    **DEFENDANT.**   **JURY TRIAL DEMANDED**

**COMPLAINT**

## I. JURISDICTION

1. This Complaint asserts a civil rights action pursuant to 42 U.S.C. § 1983 for damages, declaratory relief, and injunctive relief to redress Defendant's violations of Plaintiff's rights pursuant to the Fourteenth Amendment to the United States Constitution. Defendants have violated the Constitution by creating a hostile work environment that occurred because of Plaintiff's sex. Plaintiff seeks all damages and remedies as relief for Defendant's violation of her right to equal protection, pursuant to the Fourteenth Amendment to the United States Constitution.

2. On or about February 17, 2021, pursuant to Alabama Code § 11-47-190, Plaintiff provided a notice of her claim to the Defendant. (Exhibit A).

3. Plaintiff seeks supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) in regard to claims of assault & battery, invasion of privacy, tort of outrage, negligent supervision, and negligent retention.

4. Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) within 180 days of the last discriminatory act (Exhibit B). Plaintiff will seek to amend this lawsuit within ninety (90) days after receipt of the right-to-sue letter issued by the EEOC and/or Department of Justice to pursue her claims made possible by Title VII.

## II. PARTIES

5. Plaintiff, Misty Lemons, (hereinafter "Plaintiff") is a resident of Gadsden, Etowah County, Alabama, and performed work for the Defendant in the counties composing the Northern District of Alabama during the events of this case. Thus, pursuant to 28 U.S.C. § 1391(b), venue for this action lies in the Northern District, Middle Division.

6. Defendant City of Gadsden (hereinafter "Defendant") is a municipal corporation registered and doing business in the State of Alabama and has sufficient minimum contacts with the State of Alabama that it is subject to service of process in Alabama; therefore, this Court has personal jurisdiction over Defendant.

## III. STATEMENT OF FACTS

7. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1 through 6 above.

8. Plaintiff is a female.

9. In 2000, Defendant hired Plaintiff in a part-time capacity.

10. In 2007, Defendant hired Plaintiff in a full-time capacity.

11. In Plaintiff's current position, she serves as an Assistant Clerk that oversees the payroll for the City of Gadsden Fire Department.

12. Defendant employs or employed Ricky Bishop as a Commander.

13. Defendant employs or employed Stephen Carroll as an Assistant Fire Chief.

14. Defendant employs or employed Jimmy Matlock as an Assistant Fire Chief.

15. Defendant employs or employed Craig Cannon as an Assistant Fire Chief.

16. Defendant employs or employed Lecil Harrelson as an Assistant Fire Chief).

17. Defendant employs or employed Will Reed as an Emergency Medical Services Chief.

18. During 2018, Bishop and Plaintiff engaged in a short-term consensual relationship.

19. Sometime during late summer 2020, Bishop attempted to photograph Plaintiff breasts and he asked Plaintiff "if the two of [them] were ever going to 'hook-up' again."

20. Plaintiff made very clear that she wanted no further relationship with Bishop and that his advances were unwelcome.

21. On November 17, 2020, Plaintiff experienced a sexual assault committed by Ricky Bishop, wherein he placed his hand down Plaintiff's bra and groped her breast.

22. On November 19, 2020, Plaintiff provided a statement to the Defendant wherein she reported the sexual harassment. (EXHIBIT C).

23. During the assault, Bishop stated "you have the best boobs I have ever seen."

24. Plaintiff told Bishop to stop touching her and Bishop released Plaintiff only because the telephone rang.

25. Upon information and belief, Defendant's Fire Department executive Officers have had knowledge of Bishop's sexual harassing behavior towards other women in the community and towards other women working for the Defendant and/or contractors working for the Defendant.

26. Upon and information and belief, during August 2019, Mr. Bishop sent a paramedic an unsolicited picture of his penis. Bishop also sexually harassed this employee through physical contact that he claimed was not intentional. These incidents were reported to EMS Chief Reed, and, later reported to Chief Carroll.

27.     Upon information and belief, Bishop also exposed his penis to a female paramedic working on duty and attempted to pressure her to engage in oral sex on multiple occasions.  Bishop also sexually harassed this female paramedic through physical contact by touching her buttocks and breasts.

28.     Upon information and belief, during 2012, after attending a service call as part of his job duties, and, after the patient left in the ambulance, Bishop propositioned the patient's caregiver.  The caregiver reported the sexual advance to Defendant's Fire Chief Randy Smith.

29.     Upon information and belief, Bishop engaged in a text exchange with another fireman's wife.  This incident was reported to Assistant Fire Chief Cannon and Assistant Chief Lecil Harrelson.  As a result, Defendant moved Bishop to a different fire station.

30.     After Bishop sexually harassed Plaintiff, Chief Carroll told Plaintiff that Bishop would receive counseling through the Employee Assistance Program provided by the Defendant and that if he completed that program, then the Defendant would not terminate Bishop's employment.

31.     After Bishop sexually harassed Plaintiff, Etowah County charged Bishop with Sexual Abuse in the First Degree.

32.     Plaintiff also filed a Complaint with the Gadsden Civil Service Board.

33.     As of February 12, 2021, Defendant still employed Mr. Bishop.

34. On or about February 12, 2021, Defendant received an internally commissioned report that concluded Defendant's Fire Department executive Officers had knowledge of Bishop's sexually harassing behavior towards private ambulance employees, a private citizen, and co-workers/contractors prior to the assault of the Plaintiff and that no discipline of Bishop ever occurred as a result of the sexually harassing behavior.

35. Defendant's internally commissioned report stated: "high-ranking officers neglected their duty to the department, and the victims, by suppressing the truth under a bureaucratic veil of secrecy."

36. Defendant's internally commissioned report stated that "[u]ultimately, truth was burned at the stake of indifference.  Therefore , we found it necessary to submit this account of events, that we think, represent a cancer of authoritative indifference."

37. Defendant's internally commissioned report stated "[t]he axe must be laid at the root of indifference that have been cultivated in this department."

**COUNT ONE - 42 U.S.C. § 1983:  Equal Protection Clause - Hostile Work Environment because of Sex**

38. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1 through 37 above.

39. Plaintiff is a female.

40. Ricky Bishop's sexual harassment consisted of Plaintiff consisted of the severe incident of a pervasive sexual assault and sexually charged remarks that included invitations to engage in a sexual relationship and "you have the best boobs I have ever seen."

41. Ricky Bishop's actions subjected Plaintiff to a hostile work environment because of her sex.

42. Bishop's conduct towards the Plaintiff was unwelcome.

43. Plaintiff complied with Defendant's harassment policy by reporting Ricky Bishop's sexual harassment to Defendant's Chief of the Fire Department Carroll.

44. Plaintiff complied with Defendant's harassment policy by reporting Ricky Bishop's sexual harassment to Defendant's Civil Service Board.

45. Plaintiff timely complied with Defendant's policies regarding reporting the hostile work environment because of her sex by reporting Bishop's conduct to Chief Carroll and/or Defendant's Civil Service Board.

46. Defendant had reason to believe that Plaintiff, or other women working for Defendant's Fire Department, would be subjected to sexual assault and/or sexual harassment due to Defendant's policy of moving Bishop from one fire station to another fire station following reports from its employees and its citizens regarding Bishop's sexually inappropriate behavior.

47. Defendant, through its employees' actions, violated Plaintiff's constitutional right to be free from a hostile work environment because of sex.

48. Defendant's custom or policy of moving a known sexual harasser from fire station to fire station after reported incidents of sexual harassment constituted deliberate indifference to Plaintiff's constitutional right to be free from a hostile work environment because of sex as it retained Bishop after numerous reports of his sexual harassing behavior.

49. Defendant's custom or policy of moving a known sexual harasser from fire station to fire station after reported incidents of sexual harassment constituted deliberate indifference to Plaintiff's constitutional right to be free from a hostile work environment because of sex as it allowed Bishop to commit a foreseeable assault & battery.

50. Defendant's custom or policy of moving a known sexual harasser from fire station to fire station after reported incidents of sexual harassment constituted deliberate indifference to Plaintiff's constitutional right to be free from a hostile work environment because of sex as it allowed Bishop to commit a foreseeable invasion of privacy.

51. Defendant's custom or policy of moving a known sexual harasser from fire station to fire station after reported incidents of sexual harassment constituted deliberate indifference to Plaintiff's constitutional right to be free from a hostile

work environment because of sex as it allowed Bishop to commit foreseeable conduct of outrageous behavior constituting the tort of outrage.

52. Defendant's custom or policy of not supervising Bishop in a manner to prevent his sexually harassing behavior, including moving him from fire station to fire station after incidents of sexual harassment, caused the hostile work environment because of sex, as Defendant allowed Bishop to work without sufficient supervision to prevent such harassment, and, Defendant had reason to believe that Plaintiff, or other women working for Defendant's Fire Department, would be subjected to sexual assault and/or sexual harassment in the future

53. Defendant's custom or policy of retaining Bishop, including moving him from fire station to fire station after incidents of sexual harassment, caused the hostile work environment because of sex as Bishop remained employed by Defendant, and Defendant had reason to believe that Plaintiff, or other women working for Defendant's Fire Department, would be subjected to sexual assault and/or sexual harassment in the future.

54. Defendant failed to adequately train its management personnel in regard to prohibiting hostile work environments because of sex in its workplace as Defendant permitted its executives within the Fire Department to continue to transfer Bishop from one fire station to the next throughout his employment.

55. Defendant's actions in failing to protect Plaintiff from a hostile work environment because of sex created by Ricky Bishop was a violation of the Equal Protection Clause of the Fourteenth Amendment.

56. As a result of Defendant's violation of 42 U.S.C. § 1983, Plaintiff has been damaged, suffering mental anguish.

**COUNT TWO – Assault and Battery**

57. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1 through 56 above.

58. Ricky Bishop, as an Agent of Defendant, subjected Plaintiff to offensive, non-consensual sexual touching.

59. Plaintiff's claims are brought against Defendant because of its knowledge of the previous sexual hostile actions and assaults committed by its employee/agent, Ricky Bishop.

60. As a result of the assault and battery committed by Ricky Bishop, Plaintiff has suffered damages in the form of mental anguish.

**COUNT THREE – Invasion of Privacy**

61. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1 through 56 above.

62. Ricky Bishop committed unwanted touching(s) and made sexually explicit comments to Plaintiff that resulted in an invasion of privacy.

63. Plaintiff's claims are brought against Defendant because of its knowledge of the actions committed its employee/agent, Ricky Bishop.

64. The unwanted sexual harassment of Plaintiff violated her personal bodily privacy by exposing her to unwanted touching(s)s and sexual comments.

65. Defendant authorized, ratified and/or condoned the actions of its employee/agent, which amounted to invasion of privacy.

66. By reason of each and every act of Ricky Bishop, Defendant subjected Plaintiff to an invasion of privacy, causing irreparable damage to Plaintiff by causing her to suffer physical distress and mental anguish.

67. Plaintiff has been damaged as a result of Defendant's actions, suffering mental anguish, together with loss of pay and benefits.

**COUNT FOUR – Tort of Outrage**

68. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1 through 56 above.

69. During the course of her employment, Defendant subjected Plaintiff to a sexually hostile work environment through the conduct of Ricky Bishop.

70. Ricky Bishop's physical assault of Plaintiff was sexual in nature.

71. Defendant authorized, ratified and/or condoned its Bishop's actions, which amounted to the tort of outrage.

72. Plaintiff's claims are brought against Defendant because of its knowledge of the previous sexual hostile actions and assaults committed by its employee/agent, Ricky Bishop.

73. Plaintiff has been damaged as a result of Defendant's actions, suffering mental anguish, together with other compensatory damages.

## VIII. COUNT FIVE - Negligent Supervision

74. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1 through 56 above.

75. During the course of her employment, Defendant subjected Plaintiff to a sexually hostile work environment through the conduct of Ricky Bishop.

76. Ricky Bishop's physical assault of Plaintiff was sexual in nature.

77. Prior to the sexual assault, Defendant had notice of Bishop's proclivity for sexual harassing behavior.

78. Plaintiff's claims are brought against Defendant because of its knowledge of the previous sexual hostile actions and assaults committed by its employee/agent, Ricky Bishop.

79. Defendant authorized, ratified and/or condoned its Bishop's actions, and failed to supervise Bishop in a manner to prohibit such actions.

80. Plaintiff has been damaged as a result of Defendant's actions, suffering mental anguish, together with other compensatory damages.

## IX. COUNT SIX - Negligent Retention

81. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1 through 56 above.

82. During the course of her employment, Defendant subjected Plaintiff to a sexually hostile work environment through the conduct of Ricky Bishop.

83. Ricky Bishop's physical assault of Plaintiff was sexual in nature.

84. Prior to the sexual assault, Defendant had notice of Bishop's proclivity for sexual harassing behavior.

85. Plaintiff's claims are brought against Defendant because of its knowledge of the previous sexual hostile actions and assaults committed by its employee/agent, Ricky Bishop.

86. Defendant authorized, ratified and/or condoned its Bishop's actions, and retained Bishop as an employee despite knowledge of his proclivity for sexual harassing behavior.

87. Plaintiff has been damaged as a result of Defendant's actions, suffering mental anguish, together with other compensatory damages.

## X. PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays for the following relief:

A. Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting in concert with the

Defendant and at the Defendant's request from continuing to violate the terms of the Equal Protection Clause of the Fourteenth Amendment;

    B.    Award her compensatory emotional distress damages and/or punitive damages;

    C.    Attorneys' fees and costs;

    D.    Plaintiff requests that the Court award Plaintiff equitable relief pursuant to 28 U.S.C. § 2201, 42 U.S.C. § 1981a, 42 U.S.C. § 1983, and any other equitable relief permitted by the State of Alabama and its Courts with a finding that the actions of Defendant violated the law; and,

    E.    Any different or additional relief as may be determined by the Court to which Plaintiff is entitled.

_____
Allen D. Arnold

_____
Whitney Morgan Brown

**OF COUNSEL:**

ALLEN D. ARNOLD, Attorney at Law
6 Office Park Circle, Suite 209
Mountain Brook, AL 35223
T: (205) 252-1550
ada@allenarnoldlaw.com

**PLAINTIFF REQUESTS TRIAL BY STRUCK JURY**

_____
OF COUNSEL

**DEFENDANT'S ADDRESS:**
City of Gadsden
c/o City Clerk Iva Nelson
90 Broad Street
Gadsden, AL 35902